# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**NCP BELDEN, LLC,**
**Petitioner Below, Petitioner**

**v.) No. 24-ICA-491**        (W. Va. Office of Tax Appeals Docket No. 23-1306)

**ANGELA BANKS, in her official capacity**
**as Assessor of Jefferson County, West Virginia,**
**Respondent Below, Respondent**

**FILED**
**August 6, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner NCP Belden, LLC, ("NCP") appeals the West Virginia Office of Tax Appeals' ("OTA") November 13, 2024, final decision affirming property tax assessments made by Respondent Angela Banks, in her capacity as Assessor of Jefferson County, West Virginia ("Assessor"). The Assessor filed a response.[1] NCP did not file a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

NCP owns commercial property in Jefferson County located at 201 N. George Street, Charles Town, West Virginia, used for professional office and general retail space. The NCP property was assessed at $1,200,000 for 2023 tax year ad valorem property tax purposes. NCP's appraisal expert put a value of $1,045,000 on the property, but did not place any value on the 3,645 square feet of improved basement space, which was then leased and was of similar quality to the floors above. The Assessor agreed to the NCP expert's market approach valuation of $1,045,000 then added the basement space's value to reach the final valuation of $1,200,000.

NCP appealed to the OTA for relief from the Assessor's valuation of the property. The OTA held an evidentiary hearing on NCP's appeal on January 4, 2024. Michael Williams, an appraiser employed by NCP, prepared an appraisal and testified at the hearing. Using the income approach and market approach, but not the cost approach, Mr. Williams valued the subject property for the 2023 tax year at $1,045,000. In its appeal to

---

[1] NCP is represented by Floyd M. Sayre III, Esq. The Assessor is represented by Stephen V. Groh, Esq.

1

the OTA, NCP sought a reduction from the Assessor's valuation of $1,200,000 to a value of $1,045,000 based on Mr. Williams' appraisal.

In its November 13, 2024, final decision, the OTA affirmed the Assessor's valuation, finding and concluding:

> Upon reviewing this matter in its entirety, the Tribunal finds that the crux of this matter is the value of the basement space. The Respondent conceded to Mr. Williams's market value appraisal number and then added the usable basement square footage. She arrived at the price per square foot amount by applying Mr. Williams' own generally used 50% discount number from above-ground square footage. The Respondent included the 3,645 square feet of usable basement space and applied the 50% discount rate against the $81.00 cost per square foot for above-grade space. Mr. Williams does not want to include the basement square footage because he feels that it's not as marketable as above grade space as he testified below:
>
>> And again, the basement area is excluded from the above grade area because a portion of the basement area isn't even suited to lease, it's storage space. It's just irrelevant to use this space that cannot be leased and include it in with the space that's decent quality, leasable office area.
>
> While the finished basement area may not be as marketable as above grade rental space, this square footage cannot be ignored for valuation under West Virginia law. Accordingly, this Tribunal finds that the Petitioner has failed to prove by a preponderance of the evidence that Respondent's valuation is incorrect, erroneous, void, invalid, or otherwise unlawful.

This appeal of the OTA's November 13, 2024, final decision followed. The West Virginia Administrative Procedures Act governs the standard of review in administrative appeals, including appeals from final decisions of the Office of Tax Appeals:

> (g) The court may affirm the order or decision of the agency or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the agency if the substantial rights of the petitioner or petitioners have been prejudiced because the administrative findings, inferences, conclusions, decision, or order are:
>
> (1) In violation of constitutional or statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the agency;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;

2

(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or

(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

W. Va. Code § 29A-5-4(g) (2021). Further, regarding reviews of OTA decisions, the Supreme Court of Appeals of West Virginia ("SCAWV") has held:

Findings of fact of the administrative law judge will not be set aside or vacated unless clearly wrong, and, although administrative interpretation of State tax provisions will be afforded sound consideration, this Court will review questions of law *de novo*. Syllabus Point 1, *Griffith v. ConAgra Brands, Inc*., 229 W. Va. 190, 728 S.E.2d 74 (2012).

Syl. Pt. 1, in part, *Antero Res. Corp. v. Steager*, 244 W. Va. 81, 851 S.E.2d 527 (2020) (quotations omitted).

An assessor's property tax assessments are presumed to be correct, and the burden to show error in the assessment is on the taxpayer. *See* Syl. Pt. 1, *Berkeley Cnty. Council v. Govt. Props. Income Tr., LLC*, 247 W. Va. 395, 880 S.E.2d 487 (2022); Syl. Pt. 7, *In re Tax Assessments Against Pocahontas Land Co.*, 172 W. Va. 53, 303 S.E.2d 691 (1983). Additionally, the taxpayer's standard of proof is a preponderance of the evidence standard. W. Va. Code § 11-10A-19(h) (2023) (". . . the standard of proof which a taxpayer must meet at all levels of review and appeal shall be a preponderance of the evidence standard.").

With these standards in mind, we consider the parties' arguments.

In its only assignment of error, NCP asserts that the OTA erred in finding that NCP's expert failed to consider and use a cost approach to overcome the presumption of validity. NCP's expert testified that he considered the cost approach but based upon his expert opinion, the cost approach was not the appropriate method to value NCP's property. NCP's expert provided a detailed assessment using both the income and market approaches that it claims overcame the presumption of correctness by a preponderance of the evidence. We disagree.

Our law demands that assessments by county tax assessors are presumed correct, and we conclude that NCP did not meet its burden to establish, by a preponderance of the evidence, that the property tax assessment for tax year 2023 was erroneous. The Assessor, in this case, did not rely upon the value she determined through the cost approach. Rather, she utilized NCP's market value appraisal number and adjusted such number to appropriately account for the basement space. We agree with the OTA's conclusion that NCP failed to meet its burden to overcome the presumption of correctness because the Assessor arrived at the final valuation by adopting the very methodology and market based

analysis proposed by NCP. The alternative appraisal submitted by NCP, which placed no value on the basement space, was insufficient to prove that the Assessor's valuation was not supported by substantial evidence or was otherwise in contravention of any regulation, statute, or constitutional provision as the standard provided in West Virginia Code § 29A-5-4(g) requires. *See Berkeley Cnty. Council*, 247 W. Va. at 408, 880 S.E.2d at 500.

For the foregoing reasons, we affirm the OTA's November 13, 2024, final decision.

Affirmed.

**ISSUED:** August 6, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White